IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| KAPITUS SERVICING, INC. *As servicing provider for Kapitus, LLC*, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 4:21-cv-00691-DGK ) |
| JJS BELL LABS, INC., and UDC USA, INC. | ) ) ) ) |
| Defendants. | ) |

## ORDER GRANTING DEFENDANT UDC USA INC.'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

This lawsuit arises from a loan Kapitus, LLC, made to non-party Mast Technology ("Mast"), a closely-held, family-owned business which specialized in ammunition manufacturing and distribution. James Jerome Bell, III ("Bell") is a member and officer of Mast. Defendant JJS Bell Labs ("Labs")—another closely held business with Bell as a member and officer—acquired Mast's assets before Mast satisfied its debt to Kapitus, LLC. Labs was able to do this by virtue of an undisclosed outstanding promissory note which Mast previously issued to National Bank of Kansas City in exchange for a $500,000 loan ("NBKC Note"). Labs purchased the NBKC Note and its corresponding first position security interest, declared Mast in default, and issued a disposition notice to Mast and its creditors stating that Labs had taken possession of Mast's assets and intended to sell the assets in a private sale. Labs then sold Mast's assets to Defendant UDC USA, Inc. ("UDC"). Plaintiff Kapitus Servicing, Inc., as loan servicer on behalf of Kapitus, LLC, brings this action against Bell and UDC to collect on the loan.

Now before the Court is Defendant UDC's motion to dismiss Plaintiff's Counts IV and V for failure to state a claim, ECF No. 13. For the reasons stated below, the Motion is GRANTED.

**Standard of Review**

A claim may be dismissed if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff[]." *Stodghill v. Wellston School Dist.*, 512 F.3d 472, 476 (8th Cir. 2008). However, "the Court is not bound to accept as true a legal conclusion couched as a factual allegation." *Warmington v. Bd. of Regents of Univ. of Minn.*, 998 F.3d 789, 796 (8th Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Plaintiff need not demonstrate the claim is probable, only that it is more than just possible. *Id.*

In reviewing the complaint, the Court construes it liberally and draws all reasonable inferences from the facts in Plaintiff's favor. *Monson v. Drug Enforcement Admin.*, 589 F.3d 952, 961 (8th Cir. 2009). The Court generally ignores materials outside the pleadings but may consider materials that are part of the public record or materials that are necessarily embraced by the pleadings. *Miller v. Toxicology Lab. Inc.*, 688 F.3d 928, 931 (8th Cir. 2012). Matters necessarily embraced by the pleadings include "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned." *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017) (quoting *Miller*, 688 F.3d at 931 n.3).

Among the documents Plaintiff incorporated in the complaint are 1) the loan agreement between Kapitus, LLC and Mast, wherein Mast agreed to a loan with a principal amount of $299,900 and interest of $104,965, payable in sixty-five payments of $6,234 over the course of fifteen months, ECF No. 1-1; and 2) the security agreement and guaranty Mast executed in favor of Kapitus, LLC, ECF No. 1-2.  The Court considers these documents in ruling on this motion to dismiss.

**Procedural History**

On June 1, 2020, Plaintiff filed suit against Mast, Bell, Labs, and UDC in the Circuit Court for Hanover County, Virginia.  Compl. ¶ 38, ECF No. 1.  Mast failed to appear, and Plaintiff obtained a default judgment against it.  *Id.*  While Bell continues to defend the lawsuit, the Virginia court dismissed Plaintiff's claims against Defendants Labs and UDC for lack of jurisdiction.  *Id.*

As a result, Plaintiff filed this action against Defendants Labs and UDC in this Court on September 24, 2021.  *Id.*  Plaintiff brings the following claims: 1) piercing the corporate veil against Defendant Labs (Count I); 2) successor liability against Defendant UDC (Count II); 3) fraudulent transfer against both defendants (Count III); 4) unjust enrichment against both defendants (Count IV); and 5) constructive trust against both defendants (Count V).

**Discussion**

Defendant UDC now moves to dismiss Plaintiff's Counts IV and V.

In regards to Count IV, Defendant UDC argues that Plaintiff cannot state a claim for unjust enrichment because a written contract governs the subject matter in dispute—namely Kapitus, LLC's loan to Mast.  Mem. in Supp. at 8, ECF No. 14.  Defendant UDC is correct.  Under both Missouri and Virginia law[1], "[t]he existence of an express contract covering the same subject

---

[1] As there is no conflict between Missouri and Virginia law on both Counts IV and V, the Court does not include a choice-of-law analysis in this Order.

matter of the parties' dispute precludes a claim for unjust enrichment." *CGI Fed. Inc. v. FCi Fed., Inc.*, 295 Va. 506, 519, 814 S.E.2d 183, 189 (2018); *see also Howard v. Turnbull*, 316 S.W.3d 431, 436 (Mo. Ct. App. 2010) ("If the plaintiff has entered into an express contract for the very subject matter for which he seeks recovery, unjust enrichment does not apply, for the plaintiff's rights are limited to the express terms of the contract."). Plaintiff argues it is allowed to plead an unjust enrichment claim in the alternative to a breach of contract claim. However, Plaintiff has not pled a breach of contract claim. Even if Plaintiff had, "an alternative claim is still subject to dismissal if it fails to state a cause of action." *Driver v. All. Oncology, LLC*, No. 15-CV-5008-SW-DGK, 2015 WL 4254392, at *3 (W.D. Mo. July 14, 2015) (citing Fed. R. Civ. P. 8(a)(2), 12(b)(6)). Plaintiff attached the loan agreement between Kapitus, LLC and Mast to the Complaint, and the Complaint does not suggest that the loan agreement was void or otherwise unenforceable. As such, Plaintiff's unjust enrichment claim against Defendants UDC and Labs is DISMISSED WITH PREJUDICE.[2]

Regarding Count V, Defendant UDC argues that Plaintiff has not stated a claim for relief because a constructive trust is a remedy, not a standalone claim. Defendant is correct here as well. *See Neher v. eBanker USA.Com, Inc.*, No. 04-0711-CV-W-ODS, 2005 WL 1006417, at *6 (W.D. Mo. Apr. 1, 2005) ("'[C]onstructive trust' is not a cause of action, but rather a remedy. A constructive trust is a method by which a court exercises its equitable powers to remedy a situation where a party has been wrongfully deprived of some right, title, benefit or interest in property as a result of fraud or in violation of confidence or faith reposed in another." (quotation omitted)); *In re Multi-Cir. Church Prop. Litig.*, 84 Va. Cir. 105 (2012) ("Constructive trust is not a cause of

---

[2] *Vigeant v. Meek*, 352 F. Supp. 3d 890, 900 (D. Minn. 2018) ("Dismissals with prejudice occur where no amount of re-pleading will cure the deficiencies." (quotation omitted)).

action . . . ."). As such, Plaintiff's Count V against Defendants UDC and Labs is DISMISSED WITH PREJUDICE.

## Conclusion

Plaintiff's Counts IV and V are DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

Date:  June 10, 2022  /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT